UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| MICHAEL R. WEATHERFORD,<br><br>Petitioner,<br><br>v.<br><br>BARBARA BOUCHARD,<br><br>Respondent. | Case No. 1:04-cv-299<br><br>Honorable Robert Holmes Bell<br><br>**REPORT AND RECOMMENDATION** |

This is a habeas corpus proceeding brought by a state prisoner pursuant to 28 U.S.C. § 2254. Petitioner is serving a parolable life sentence imposed on April 16, 1984, after a jury convicted him of assault with intent to commit murder, MICH. COMP. LAWS § 750.83, and possession of a firearm during the commission of a felony, MICH. COMP. LAWS § 750.227b. His *pro se* habeas corpus petition raises five grounds for relief arising from alleged error committed during his trial in the Kent County Circuit Court. Respondent has filed a motion for summary judgment on the ground that the petition was not filed within the one-year limitations period under 28 U.S.C. § 2244. Petitioner has filed a response to the motion, and it is now ready for decision.

Chief Judge Robert Holmes Bell has referred this matter to me for issuance of a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and Rule 10 of the Rules Governing Section 2254 Cases in the District Courts. Upon review of the record, I conclude that the petition is untimely and recommend that it be dismissed.

**Proposed Findings of Fact**

The state court prosecution arose from a shooting that occurred on the evening of September 6, 1983, in Grand Rapids, Michigan. After a jury trial, petitioner was convicted of assault with intent to commit murder and possession of a firearm during the commission of a felony. He was sentenced as a third felony offender to a parolable life term on the assault conviction and a mandatory, consecutive two-year term on the felony-firearm conviction. Judgment was entered in the Kent County Circuit Court on April 16, 1984.

Petitioner, represented by counsel, appealed as of right to the Michigan Court of Appeals. By *per curiam* opinion entered January 8, 1986, the Court of Appeals affirmed the conviction. (Op., docket # 14). The Michigan Supreme Court denied discretionary leave to appeal by standard order entered May 28, 1986. (Order, docket # 15).

The circuit court docket sheet (docket # 13) shows that petitioner filed a delayed motion for a new trial on July 19, 1989. The circuit court entered an order on December 20, 1989, denying the motion. The Michigan Court of Appeals denied leave to appeal on March 23, 1990 (Order, docket # 16), and the Michigan Supreme Court denied leave to appeal by order entered October 30, 1990. (docket # 17).

Petitioner filed his first motion for relief from judgment on April 18, 1991. (State Court docket, entry # 55). The circuit court entered an opinion on August 30, 1991, denying the motion. (*Id.*, entry # 57). Petitioner filed a notice of appeal as of right. By order entered October 29, 1991 (docket # 18), the court of appeals dismissed the appeal for lack of jurisdiction, because the order of the circuit court was appealable only by leave granted.

In the year 1992, petitioner filed an application for writ of habeas corpus in the state court, which was denied by order entered August 14, 1992. (State Court docket, entry # 63). In 1993, he unsuccessfully moved for resentencing. On January 25, 1995, he moved for an evidentiary hearing based on allegedly newly discovered evidence. (State Court docket, entry #'s 67, 68). The court treated the latter motion as a second motion for relief from judgment, which it denied by order entered April 6, 1995. (State Court docket, entry # 75). The Michigan Court of Appeals denied leave to appeal by order entered October 17, 1995, "for lack of merit and for failure to meet the burden of establishing entitlement to relief under MCR 6.508(D)." (docket # 20). By order entered August 30, 1996, the Michigan Supreme Court denied leave to appeal on the same ground. (docket # 21).

Petitioner filed a third motion for relief from judgment on May 7, 2003. (State Court docket, entry # 80). The circuit court entered an opinion on May 13, 2003, denying relief. (*Id.*, entry # 82). By order entered August 13, 2003, the state court of appeals denied leave to appeal, again invoking the provisions of Michigan Court Rule 6.508(D). (docket # 22). The state supreme court entered a similar order denying leave to appeal on December 30, 2003. (docket # 23).

Petitioner filed this *pro se* action on April 6, 2004.

**Discussion**

Petitioner's application is barred by the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1), which became effective on April 24, 1996, as part of the Antiterrorism and Effective Death Penalty Act, PUB. L. NO. 104-132, 110 STAT. 1214 ("AEDPA"). Prior to enactment

of the AEDPA, there was no defined period of limitation for habeas actions.[1] Section 2244(d)(1) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). The running of the statute of limitations is tolled when "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also Duncan v. Walker*, 533 U.S. 167 (2001) (limiting the tolling provision to only State, and not Federal, processes); *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (defining "properly filed").

In this case, § 2244(d)(1)(A) provides the period of limitation. The other subsections do not apply to the grounds that petitioner has raised. Under § 2244(d)(1)(A), the one-year limitation period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." Petitioner did pursue direct review

---

[1] Previously, the only time limit was provided in Rule 9 of the Rules Governing § 2254 Cases, which allows dismissal of a petition only under circumstances where the state has been prejudiced by the delay in filing.

in the state appellate courts. Direct review was concluded on October 30, 1990, when the Michigan Supreme Court entered its order denying leave to appeal. Petitioner did not seek *certiorari* in the United States Supreme Court, but the ninety-day period in which he could have done so must be counted under section 2244(d)(1)(A). *See Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied*, 124 S. Ct. 2388 (2004) (*en banc*). This ninety-day period expired on February 1, 1991, five years before the enactment of AEDPA.

A petitioner whose conviction became final before the effective date of AEDPA (April 24, 1996) has one year from that date in which to file his habeas petition. *See Jurado v. Burt*, 337 F.3d 638, 640-41 (6th Cir. 2003); *McClendon v. Sherman*, 329 F.3d 490, 495 (6th Cir. 2003). This one-year "grace period" expired on April 24, 1997. *See Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir.), *cert. denied*, 125 S. Ct. 200 (2004). During the time of the grace period, petitioner did have proceedings pending in the state trial and appellate courts, with regard to his second motion for relief from judgment. Those proceedings concluded with the entry of the state supreme court's order of August 30, 1996, denying leave to appeal. (docket # 21). Assuming that the second motion for relief from judgment was "properly filed," it tolled the running of the grace period under 28 U.S.C. § 2244(d)(2) until the entry of the state supreme court's order. Consequently, giving petitioner the benefit of the doubt, the grace period began on August 30, 1996, and expired one year thereafter on August 30, 1997. This habeas corpus action was filed approximately seven years later.

While 28 U.S.C. § 2244(d)(2) provides that the one-year statute of limitations is tolled while a properly filed petition for state collateral review is pending, the tolling provision does not revive the limitations period or restart the clock; it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a

statute of limitations. Consequently, petitioner's third motion for relief from judgment, filed on May 7, 2003, did not serve to revive the limitations period, which had already expired in 1997. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *see also Fuller v. Thomas*, No. 03-3611, 2004 WL 1922179, at * 2 (6th Cir. Aug. 24, 2004), *cert. denied*, 125 S. Ct. 1311 (2005).

The one-year limitation period applicable to § 2254 is a statute of limitations subject to equitable tolling. *Griffin v. Rogers*, 399 F.3d 626, 631 (6th Cir. 2005). A petitioner bears the burden of showing that he is entitled to equitable tolling. *See Allen v. Yukins*, 366 F.3d at 401; *Jurado v. Burt*, 337 F.3d at 642. The Sixth Circuit has repeatedly cautioned that equitable tolling should be applied "sparingly" by this court. *See Souter v. Jones*, 395 F.3d 577, 588 (6th Cir. 2005); *Jurado*, 337 F.3d at 642; *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). In *Pace v. DiGuglielmo*, ___ S. Ct. ___, 2005 WL 957194, at *6 (April 27, 2005), the Supreme Court held that a petitioner seeking equitable tolling of the habeas statute of limitations has the burden of establishing two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Id.* (applying standard set forth in *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990)). Petitioner has failed to raise equitable tolling or to allege any facts or circumstances that would warrant its application in this case. The fact that petitioner is untrained in the law, has been proceeding for the last fifteen years without a lawyer, or may have been unaware of the statute of limitations does not warrant tolling. *See Allen*, 366 F.3d at 403. The other matters raised in petitioner's response all go to the asserted merits of his underlying habeas corpus petition and not to the question of the running of the statute of limitations or the tolling thereof.

**Recommended Disposition**

For the foregoing reasons, I recommend that respondent's motion for summary judgment (docket # 8) be granted and that the petition be dismissed as untimely under 28 U.S.C. § 2244(d)(1).

Dated: May 9, 2005

/s/ Joseph G. Scoville
United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Neuman v. Rivers*, 125 F.3d 315, 322-23 (6th Cir.), *cert. denied*, 522 U.S. 1030 (1997); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).