UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL R. WEATHERFORD,                )
                                       )
                    Petitioner,        )        Case No. 1:04-cv-299
                                       )
v.                                     )        Honorable Robert Holmes Bell
                                       )
BARBARA BOUCHARD,                      )
                                       )
                    Respondent.        )
_____)

### ORDER DENYING HABEAS CORPUS PETITION

In this habeas corpus action, petitioner seeks to challenge his 1984 conviction for assault with intent to commit murder. By report and recommendation issued May 9, 2005, the magistrate judge recommended dismissal of the petition, on motion of respondent, on grounds of the statute of limitations. The magistrate judge carefully analyzed the chronology of petitioner's appeals and post-conviction motions in the state courts, finding that the one-year grace period under AEDPA expired on August 30, 1997. Petitioner did not initiate the present proceeding until April 30, 2004. Petitioner has now filed objections to the report and recommendation, which this court must accord *de novo* review. FED. R. CIV. P. 72(b).

Petitioner's essential argument is that the running of the statute of limitations under AEDPA must be tolled because the state court somehow tampered with the trial transcript, thereby depriving petitioner of his ability to challenge trial-court error on direct appeal. The problem with this argument is that petitioner's appeal of right was decided by the Michigan Court of Appeals in

January of 1986, and the state Supreme Court denied leave to appeal in May of the same year.

Petitioner raised the issues that he now seeks to litigate in a motion for evidentiary hearing filed in

the state courts in 1995. He did not initiate the present habeas corpus proceeding, however, until the

year 2004. Even if the court were to credit petitioner's allegation that the state court somehow

tampered with his transcript, petitioner apparently discovered this problem, at the latest, in 1995.

Petitioner's objections do not attempt to explain why he failed to file a habeas corpus action until

April 6, 2004.

Under recent Supreme Court authority, a petitioner seeking equitable tolling of the

habeas corpus statute of limitations has the burden of establishing that he has been pursuing his

rights diligently and that some extraordinary circumstance stood in his way. *See Pace v.*

*DiGuglielmo*, 125 S. Ct. 1807, 1814 (2005). At best, if taken at face value, petitioner's allegations

show only that something impeded his ability to pursue a direct appeal in 1984. Petitioner alleges

no circumstance that impeded his ability to seek federal habeas relief in the ensuing twenty-year

period. On the present record, petitioner cannot show diligence. There was nothing standing in the

way of petitioner's initiating a habeas corpus action during the one-year grace period, which expired

on August 30, 1997.

Upon *de novo* review of the record, the court affirms the finding of the magistrate

judge that the statute of limitations expired on August 30, 1997, and that grounds for equitable

tolling do not exist in the circumstances of this case. Accordingly:

IT IS ORDERED that petitioner's objections to the report and recommendation of

the magistrate judge (docket # 29) be and hereby are OVERRULED and the report and

recommendation of the magistrate judge (docket # 28) is adopted as the opinion of the court.

IT IS FURTHER ORDERED that respondent's motion for summary judgment on the grounds of the statute of limitations (docket # 8) be and hereby is GRANTED and that the petition is dismissed as untimely.

Date:     May 23, 2005                        /s/ Robert Holmes Bell
                                              ROBERT HOLMES BELL
                                              CHIEF UNITED STATES DISTRICT  JUDGE